IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-20082
(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN D. GONZALEZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
(USDC No. H-95-CR-58-1)
- - - - - - - - - -
February 19, 1997

Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Juan D. Gonzalez appeals his conviction and sentence for aiding and abetting the possession of heroin in violation of 21 U.S.C. § 841(b)(1)(C). Gonzalez argues that 1) the district court erred in determining the drug quantity attributable to him as relevant conduct for sentencing purposes; 2) the district court erred in enhancing his base offense level for his role in the offense; 3) the district court abused its discretion in refusing to

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

allow him to withdraw his guilty plea; and 4) his counsel rendered ineffective assistance.

The district court did not clearly err in calculating the quantity of drugs involved for sentencing purposes. See United States v. Mergerson, 4 F.3d 337, 345 (5th Cir. 1993), cert. denied, 510 U.S. 1198 (1994). The district court did not clearly err in finding that Gonzalez played an aggravating role in the offense pursuant to U.S.S.G. § 3B1.1(c). United States v. Narvaez, 38 F.3d 162, 166 (5th Cir. 1994), cert. denied, 115 S. Ct. 1803 (1995). The district court did not abuse its discretion in denying Gonzalez's motion to withdraw his guilty plea. United States v. Bounds, 943 F.2d 541, 543 (5th Cir. 1991). Because the record is not developed on the merits of Gonzalez's ineffective-assistance-of-counsel claim, this court declines to address it. United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987), cert. denied, 484 U.S. 1075 (1988).

AFFIRMED.